UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT DEVELOPMENT GROUP, INC., a Pennsylvania corporation; and GREAT AMERICA INSURANCE, <br><br> Defendants. | 2:08-CV-00448-LRH-PAL <br><br> <u>ORDER</u> |

Presently before the court is Defendant Project Development Group's ("PDG") Motion to Dismiss (#8[1]). Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al., (collectively, "Plaintiffs") have filed an opposition (#19), to which PDG replied (#27).

Also before the court is Defendant Great American Insurance Company's ("Great American") Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (#12). Plaintiffs have filed an opposition (#24), to which Great American replied (#28).

**I.   Facts and Procedural History**

This is a civil action brought under the Employment Retirement Income Security Act ("ERISA"). As a contractor in Nevada, PDG employs individuals who are members of or are

---

[1] Refers to the court's docket number.

represented by Plaintiff Laborers International Union of North America, Local 872's (the "Union") Master Labor Agreement. (Compl. ¶ 3.) These employees are known as "bargaining unit employees." (Compl. ¶ 3.) PDG is a signatory to the Master Labor Agreement ("Master Agreement") and the Trust Agreements that establish the Laborers Joint Trust Funds. (Compl. ¶ 4.) The Master Agreement requires PDG to make certain payments to the Laborers Joint Trust Funds on behalf of PDG's bargaining unit employees. (Compl. ¶ 5.) Great American is the surety on "state contractors board bond no. 5464566," which was issued to PDG as the principal. (Compl. ¶ 13.)

## II. Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. Discussion

The complaint alleges two claims for relief. First, Plaintiffs allege that PDG has failed to pay "certain payments" due to the Laborer Joint Trust Funds. (Compl. ¶ 6.) The Master Agreement, the Trust Agreements, and 29 U.S.C. § 1145 require PDG to submit monthly remittance reports and to make timely contributions based on those remittance reports to the Laborers Joint Trust Funds "on behalf of each employee that performs covered work." (Compl. ¶ 7.) Plaintiffs' second claim for relief alleges that Great American is liable for PDG's delinquent payments because Great American is the surety on a bond issued to PDG as the principal. (Compl. ¶ 13.)

Both PDG and Great American argue that Plaintiffs have failed to satisfy the pleading requirements set forth by Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) provides that a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "All that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (*quoting Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citations omitted).

### A. PDG's Motion to Dismiss

PDG seeks to dismiss Plaintiff's first claim for relief, which alleges that PDG has failed to make payments as required by the Master Agreement, the Trust Agreements, and 29 U.S.C. § 1145. PDG argues that the complaint fails to allege sufficient facts to state a claim for relief and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). First, PDG argues that Plaintiffs' failure to specify the time period at issue will require them to undertake extensive and

unnecessary discovery.  Second, PDG argues that Plaintiffs' allegation that PDG has failed to make "certain payments" is vague and fails to give PDG notice of the nature of the payments and amount at issue.  Third, PDG argues that Plaintiffs have failed to identify the "covered work" for which PDG owes payments.

Plaintiffs counter that a specific time period and the nature and amount of the claim at issue are not necessary elements of an ERISA claim.  Plaintiffs maintain that all their complaint requires is allegations that (1) PDG is a union employer; (2) PDG is required to make certain payments on behalf of its bargaining unit employees; and (3) PDG failed to make all required payments owed to the Laborers Joint Trust Funds.

Section 1145 provides in pertinent part, "Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent consistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement."  29 U.S.C. § 1145.  Thus, to state a prima facie claim under 29 U.S.C. § 1145, Plaintiffs must show the following: (1) they are multiemployer plans within the definition of ERISA . . . ; (1) [PDG] is an employer obligated to pay contributions under the terms of the plans; and (3) [PDG] failed to pay contributions in accordance with the terms of the plans.

The court has carefully examined the complaint in this case along with the relevant law and finds that the complaint adequately gives PDG fair notice of the claim and the ground upon which it rests.  The complaint alleges that PDG, a union employer, failed to make payments to the Laborers Joint Trust Funds as required by the Master Agreement, the Trust Agreement, and 29 U.S.C. § 1145.  Thus, PDG has notice of the agreements and statute they allegedly violated. Although the complaint does not specify the exact time period of the violations or the precise nature of the payments, presumably the applicable provisions of the Master Agreement and the Trust Agreement state with greater specificity the nature and quantity of the payments PDG

allegedly owes.  Further details regarding this alleged violation can be gained during discovery.

### B.  Great American's Motion to Dismiss

Great American seeks dismissal of Plaintiff's second claim for relief, which alleges that Great American, as a surety to PDG, is liable for PDG's delinquent payments.  In its motion to dismiss, Great American argues that the complaint fails to allege sufficient facts to state a claim for relief and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  First, Great American argues that Plaintiffs failed to specify the "delinquencies" for which they are liable. Great American maintains that by merely stating that PDG is obligated to make "certain payments" for "covered work," Plaintiffs have failed to give Great American sufficient notice of the allegations against them.

Second, Great American argues that Plaintiffs failed to plead facts indicating "the manner in which [Plaintiffs] may be beneficiaries of the particular bond at issue."  Specifically, Great American argues that Plaintiffs should identify how they are entitled to relief as set forth in the Nevada statute governing State Contractors Board Bonds.

Third, Great American argues that Plaintiffs' failure to allege the dates at issue makes it impossible for Great American to determine whether the action has been timely commenced. Under Nevada Revised Statute 642.273(2), any person making a claim against a state contractor bond must commence an action within two years of the commission of the act on which the claim against the bond is based.

Finally, Great American argues that Plaintiffs have failed to indicate the relevance of a Nevada state contractor's bond to an ERISA claim, making it impossible for the court and Defendants to determine whether supplemental jurisdiction is warranted.

The court has carefully examined the complaint in this case along with the relevant law and finds that the complaint adequately gives Great American fair notice of the claim and the ground upon which it rests.  The second claim for relief incorporates the first claim for relief, and further

5

alleges that Great American, as the surety on a bond to which PDG is the principal, is liable for PDG's delinquent debt. The complaint identifies the specific bond allegedly providing for Great American's liability. Thus, Great American is on notice of the basis for the claim against them. Further details regarding this alleged violation can be gained during discovery.

### C. Motion for a More Definite Statement

In the event that the court denied Great American's Motion to Dismiss, Great American also moves for a more definite statement. Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Because the court finds that the complaint is not ambiguous and vague, the Court will deny Great American's Motion for a More Definite Statement (#12).

IT IS THEREFORE ORDERED that PDG's Motion to Dismiss (#8) is hereby DENIED.

IT IS FURTHER ORDERED that Great American's Motion to Dismiss (#12) is hereby DENIED.

IT IS FURTHER ORDERED that Great American's Motion for a More Definite Statement (#12) is hereby DENIED.

IT IS SO ORDERED.

DATED this 27th day of October, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE